IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERTA J. S.,[1]                          6:20-cv-00607-BR

          Plaintiff,                       OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

KEVIN S. KERR
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

          Attorneys for Plaintiff

SCOTT ERIK ASPHAUG
Acting United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

     [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**KATHERINE B. WATSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

       Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Roberta J. S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

## I.   Prior Proceedings

    On November 9, 2009, Plaintiff protectively filed an

2 - OPINION AND ORDER

application for DIB benefits.  Tr. 80.[2]  Plaintiff alleged a
disability onset date of October 29, 2009.  Tr. 80.  Plaintiff's
application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on October 4,
2011.  Tr. 80.  Plaintiff and a vocational expert (VE) testified
at the hearing.  Plaintiff was represented by an attorney at the
hearing.  On October 20, 2011, the ALJ issued an opinion in
which he found Plaintiff was not disabled and, therefore, was
not entitled to benefits.  Tr. 80-87.  On June 8, 2013, the
Appeals Council denied further review.  Tr. 96.  The record does
not reflect Plaintiff requested any further review of this
determination.

On August 12, 2013, Plaintiff protectively filed
applications for DIB and SSI benefits.  Tr. 668, 246, 252.
Plaintiff again alleged a disability onset date of October 29,
2009.  Tr. 668, 246, 252.  Plaintiff's applications were denied
initially and on reconsideration.  An ALJ held a hearing on
March 10, 2016.  Tr. 37-76.  At the hearing Plaintiff amended
her alleged disability onset date to October 20, 2011.  Tr. 43.

───────────────

[2] Citations to the official Transcript of Record (#15)
filed by the Commissioner on November 30, 2020, are referred to
as "Tr."

3 - OPINION AND ORDER

Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney.

On March 23, 2016, the ALJ issued an opinion in which he found Plaintiff was not disabled from October 20, 2011, to March 23, 2016, and, therefore, was not entitled to benefits. Tr. 668-81.  Plaintiff requested review by the Appeals Council. On August 22, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 26, 2017, Plaintiff filed a Complaint in this Court (Case No. 6:17-cv-01706-MC) seeking review of the Commissioner's decision.  On September 6, 2018, District Judge Michael J. McShane reversed the ALJ's decision based on the stipulation of the parties and remanded the matter for further administrative proceedings.  Tr. 708-10.

On November 15, 2018, the Appeals Council remanded the case to the ALJ for further proceedings as directed by the District Court.  Tr. 711-12.

## II.  Current Proceedings

Following remand by the Appeals Council the ALJ held a hearing on May 31, 2019.  Tr. 619, 644-64.  Plaintiff and a VE

4 - OPINION AND ORDER

testified at the hearing.  Plaintiff was represented by an
attorney.

On December 13, 2019, the ALJ issued an opinion in which
she found Plaintiff was not disabled from October 29, 2009,[3] to
December 13, 2019, and, therefore, is not entitled to benefits.
Tr. 619-36.

The record does not reflect and the parties do not indicate
whether there was any subsequent disposition by the Appeals
Council, and, therefore, the Court determines the ALJ's decision
became the final decision of the Commissioner.  20 C.F.R.
§§ 404.984(a), 416.1484(a).

On April 13, 2020, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on January 3, 1967.  Tr. 634, 246.
Plaintiff was 44 years old on her amended alleged disability
onset date.  Tr. 680.  Plaintiff subsequently changed age

---

[3] Although the current ALJ noted Plaintiff amended her
alleged disability onset date to October 20, 2011, at the
hearing on her 2013 application, the ALJ inexplicably referenced
Plaintiff's initial alleged disability onset date of October 29,
2009.  Tr. 620.

5 - OPINION AND ORDER

category to "closely approaching advanced age."  Tr. 634.

Plaintiff has a tenth-grade education.  Tr. 634.  Plaintiff has

past relevant work experience as a waitress/server, housekeeper,

and kitchen helper.  Tr. 634.

Plaintiff alleges disability due to rheumatoid arthritis in

her hands, feet, hips, and shoulders; hearing loss; high blood

pressure; and depression.  Tr. 279.

Except as noted, Plaintiff does not challenge the ALJ's

summary of the medical evidence.  After carefully reviewing the

medical records, this Court adopts the ALJ's summary of the

medical evidence.  *See* Tr. 623-33.


## STANDARDS

The initial burden of proof rests on the claimant to

establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110

(9th Cir. 2012).  To meet this burden a claimant must

demonstrate her inability "to engage in any substantial gainful

activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when

there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the

Commissioner's findings if they are supported by inferences
reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d
1047, 1051 (9th Cir. 2012).  The court may not substitute its
judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454
F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the
Commissioner determines the claimant is engaged in substantial
gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i),
416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648
F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments.  20 C.F.R.
§§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also
Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*,
648 F.3d at 724.  The criteria for the listed impairments, known
as Listings, are enumerated in 20 C.F.R. part 404, subpart P,
appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in

the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here
the burden shifts to the Commissioner to show a significant
number of jobs exist in the national economy that the claimant
can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d
1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this
burden through the testimony of a VE or by reference to the
Medical-Vocational Guidelines (or the grids) set forth in the
regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If
the Commissioner meets this burden, the claimant is not
disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since October 29, 2009, Plaintiff's
initial alleged disability onset date.[4]  Tr. 623.

At Step Two the ALJ found Plaintiff has the severe
impairments of "arthritis (seronegative rheumatoid arthritis or
osteoarthritis), bilateral hearing lost (*sic*) status post
tympanoplasties, asthma, and obesity."  Tr. 623.

---

[4]  *See* FN.3, p. 5.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 625.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can only occasionally climb ropes, ladders, or scaffolds; can frequently climb ramps and stairs; can frequently balance, stoop, crouch, crawl, and kneel; can frequently finger and handle bilaterally; should avoid concentrated exposure to fumes, gases, dust, odors, other pulmonary irritants, and noise above a moderate level; and should be able to change positions between sitting and standing in 30-60 minutes intervals.  Tr. 626.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work.  Tr. 634.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as laundry-sorter, cafeteria attendant, and electronics worker.  Tr. 635. Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 635-36.

## DISCUSSION

Plaintiff contends the current ALJ erred when she

11 - OPINION AND ORDER

(1) failed to include in her assessment of Plaintiff's RFC a limitation of only occasional handling and fingering and

(2) failed at Step Five to include in her hypothetical to the VE a limitation of only occasional handling and fingering.

**I.    The current ALJ did not err when she did not include in Plaintiff's RFC a limitation of only occasional handling and fingering.**

Plaintiff contends the current ALJ erred when she failed to include in her assessment of Plaintiff's RFC a limitation of only occasional handling and fingering.  Plaintiff points out that two prior ALJs determined Plaintiff was limited to only occasional handling and fingering, and, therefore, the current ALJ was bound by those decisions pursuant to the principle of *res judicata*.  The Plaintiff also contends the ALJ improperly rejected the opinions of Richard Alley, M.D., and Neal Berner, M.D., state-agency medical examiners, and Harold Harmon, M.D., Plaintiff's primary-care physician, regarding Plaintiff's limitation to only occasional handling and fingering.

**A.    Standards**

**1.    *Res Judicata***

The Social Security Act provides "[t]he findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such

hearing."  42 U.S.C. § 405(h).  In *Chavez v. Bowen* the Ninth
Circuit observed "the principles of *res judicata* apply to
administrative decisions, although the doctrine is applied less
rigidly to administrative proceedings than to judicial
proceedings."  844 F.2d 691, 693 (1988).  *See also Vasquez v.
Astrue*, 572 F.3d 586, 597 (9th Cir. 2009).

        Social Security Regulations also provide the "doctrine
of *res judicata* applies in that we have made a previous
determination or decision . . . about your rights on the same
fact and on the same issues or issues, and this previous
determination or decision has become final."  20 C.F.R.
§ 404.957(c)(1).  "Adjudicators must adopt such a finding from
the final decision on the prior claim in determining whether the
claimant is disabled with respect to the unadjudicated period
unless there is new and material evidence relating to such a
finding or there has been a change in the law, regulations or
rulings affecting the finding or the method for arriving at the
finding."  Acquiescence Ruling (AR) 97-49(9)(Dec. 3, 1997),
1997 WL 742758, at *3.  In other words, a claimant may rebut the
presumption by showing a "changed circumstance" affecting the
issue of disability such as an increase in the severity of the
claimant's impairments, the existence of an impairment not

considered in the previous application, or a change in the claimant's age category.

### 2.   Medical Opinions

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

making findings." *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  *Id.* (citation omitted).

    **B.   Analysis**

        **1.   *Res judicata***

Plaintiff points out that two ALJs determined previously that Plaintiff is limited to only occasional handling and fingering, and Plaintiff contends those findings apply *res judicata* to this case.  Plaintiff contends, therefore, that the current ALJ erred when she failed to include in her assessment of Plaintiff's RFC the limitation of only occasional handling and fingering.

As noted, the first ALJ concluded in his assessment of Plaintiff's RFC that even though Plaintiff was limited to only occasional handling and fingering, she could perform light work.  Thus, the first ALJ ultimately concluded Plaintiff was not disabled during the period beginning October 29, 2009, through October 20, 2011.  Tr. 82-83, 87.  Plaintiff contends the current ALJ relied on the same evidence as the first ALJ as to Plaintiff's fingering and handling, but the current ALJ reached a different conclusion for that period as to Plaintiff's

limitations even though there was not any new evidence regarding
Plaintiff's limitations as to her wrists and hands.  In any
event, Plaintiff points out that the current ALJ also erred by
extending the adjudicatory period of Plaintiff's claims from
October 29, 2009, Plaintiff's initial alleged disability onset
date, through December 13, 2019, rather than from October 20,
2011, Plaintiff's amended alleged disability onset date, through
December 13, 2019.

On March 23, 2016, the second ALJ concluded Plaintiff
had the RFC to perform light work during the period from
October 20, 2011, Plaintiff's amended alleged disability onset
date, to March 23, 2016, and found Plaintiff was limited to only
occasional handling and fingering with the bilateral upper
extremities.  Tr. 673, 681.  The current ALJ, however, concluded
Plaintiff could frequently finger and handle, and, therefore,
she was not disabled for the period beginning October 29, 2009[5],
through December 13, 2019.  Tr. 635-36.  As noted, Judge McShane
reversed and remanded the second ALJ's March 23, 2016,
determination for further administrative proceedings pursuant to
the stipulation of the parties.  The Appeals Council then

---

[5] See Fn. 3, p. 5.

remanded the case to the ALJ on the grounds that the decision on March 23, 2016, did not include "an adequate evaluation of the treating source opinion offered by Dr. Harmon" nor "sufficient rationale with specific references to evidence of record" to support the limitations included in the ALJ's assessment of Plaintiff's RFC.  Tr. 713-14.

As noted, the principle of *res judicata* applies to an earlier final decision that a claimant is not disabled and creates a presumption that the claimant continues to be able to work after that time (*see Chavez*, 844 F.2d at 693), but the claimant may rebut this presumption by showing changed circumstances that affect the issue of disability.  Acquiescence Ruling (AR) 97-49(9)(Dec. 3, 1997), 1997 WL 742758, at *3 ("Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding.").

Although the current ALJ determined the October 20, 2011, nondisability determination would have been *res judicata* and binding under different circumstances, the ALJ concluded here that Plaintiff had rebutted the presumption of continuing nondisability by showing "changed circumstances" that

17 - OPINION AND ORDER

constituted new and material evidence relating to Plaintiff's
medical conditions that might support a greater disability as a
result of her change in age status and alleged new impairments,
including hearing loss and obesity.  Tr. 621.  The ALJ,
therefore, did not adopt the previous ALJs' findings regarding
Plaintiff's RFC and instead proceeded to reassess Plaintiff's
RFC as directed by the Appeals Council in the remand order.
Tr. 621.  The ALJ noted "[a]ny reference to evidence from the
prior adjudicated period is intended to provide context for the
claims asserted in the current application(s)[] and is not
intended to reopen the prior decision."  Tr. 620.  The ALJ
ultimately declined to adopt the previous ALJs' assessment of
Plaintiff's RFC; reassessed Plaintiff's RFC; restricted
Plaintiff to light work; and, among other things, concluded
Plaintiff "can frequently finger and handle bilaterally."
Tr. 626.

　　　　The Court concludes on this record that the ALJ did
not err when she reassessed Plaintiff's RFC and did not apply
the doctrine of *res judicata* when assessing Plaintiff's RFC.

### 2.   Drs. Alley and Berner

　　　　Plaintiff contends the current ALJ erred when she
rejected the opinions of Drs. Alley and Berner, state-agency

examiners, regarding Plaintiff's limitation to only occasional
handling and fingering.

On December 5, 2013, Dr. Alley reviewed Plaintiff's
medical records as part of the initial agency disability
determination and concluded Plaintiff was limited to only
occasional handling and fingering.  Tr. 104.  Dr. Alley adopted
the first ALJ's October 20, 2011, RFC determination and noted
the first ALJ found "tenderness of wrists and imaging studies
showing very mild and minimal arthritis in various joints."
Tr. 100.  Dr. Alley also noted:  "Evidence since the ALJ
decision shows no significant worsening of symptoms or arthritis
in general. . . .  [Plaintiff's] functional limitations are
minimal and mostly subjective based on pain."  Tr. 100.  On
May 7, 2014, on reconsideration of Plaintiff's disability claim,
Dr. Berner reached the same conclusion as Dr. Alley.  Tr. 131.

Although the current ALJ gave "some" weight to the
findings of the state-agency consultants, she noted the opinions
of Drs. Alley and Berner were based on the first ALJ's opinion
in 2011.  Tr. 632.  The current ALJ found the limitation of only
occasional handling and fingering is not supported by the
medical record.  Tr. 632.  Although Plaintiff's limitation is
based on her rheumatoid arthritis (RA), the current ALJ noted

19 - OPINION AND ORDER

medical records from 2012 reflect Plaintiff had only mild synovitis in her hands and wrists, minimal osteoarthritis in her left hand, "no evidence of erosive changes," and only mild hand weakness.  Tr. 100, 627-33.  For example, in February 2012 Rebecca Callis, M.D., a treating rheumatologist, found Plaintiff had mild synovitis in the right wrist, but the left wrist was within normal limits.  Tr. 359.  In April 2012 Dr. Callis noted active synovitis (Tr. 360), but in August 2012 Dr. Callis did not observe any active synovitis (Tr. 364).  On July 8, 2014, Daniel MendezAllwood, M.D., another treating rheumatologist, did not observe synovitis or progression of joint damage.  Tr. 549. On September 27, 2018, Amitha Gona, M.D., a treating rheumatologist, did not observe synovitis or tenderness, and Dr. Callis also did not observe palpable synovitis on January 22, 2019.  Tr. 1262, 1270.

As noted, although the Appeals Council directed the ALJ to "give further consideration to [Plaintiff's] maximum residual functional capacity during the entire period at issue and provide rationale with specific reference to evidence of record in support of assessed limitations" (Tr. 619), the current ALJ is not bound by the previous ALJs' determinations of Plaintiff's RFC.

Accordingly, the Court concludes on this record that the current ALJ did not err when she discounted the opinions of Drs. Alley and Berner that Plaintiff was limited to only occasional handling and fingering because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### 3. Dr. Harmon

Plaintiff contends the current ALJ erred when she discounted the opinion of Dr. Harmon, Plaintiff's primary-care physician, regarding Plaintiff's limitation to only occasional handling and fingering.

On March 9, 2016, Dr. Harmon completed a Treating Source Statement. Tr. 612-15. Dr. Harmon indicated Plaintiff has rheumatoid arthritis with intermittent flares and is limited to only occasional handling and fingering. Tr. 612-13. He noted Plaintiff has intermittent rheumatoid pain, full range of motion "when not flaring," and "significant problems with hand manipulation." Tr. 614.

The current ALJ gave "little weight" to Dr. Harmon's opinion on the grounds that it is inconsistent with the medical records and not supported by Dr. Harmon's own treatment notes. Tr. 633. For example, the ALJ noted x-rays showed only mild

arthritis in Plaintiff's hands, and the medical records
reflected Plaintiff had normal ambulation, only mild weakness in
her hands, improvement in arthritis symptoms, and few
observations of RA.  Tr. 633, 1253, 1257, 1262, 1286, 1290-91,
1309.  Although Dr. Harmon limited Plaintiff to only occasional
handling and fingering, his treatment notes do not include any
observations of significant pain behavior, muscle weakness or
atrophy, or dysfunction in the use of Plaintiff's hands and his
notes frequently reflect Plaintiff's RA is stable.  Tr. 633.

         The current ALJ also discounted Dr. Harmon's opinion
on the ground that it is inconsistent with Plaintiff's
activities of daily living.  Tr. 633.  For example, Plaintiff
indicated she plays computer games daily "with little problem"
(Tr. 347), sews at least once a week (Tr. 313), and plays "very
well" with puzzles every two weeks (Tr. 793).  The ALJ concluded
these activities are inconsistent with Dr. Harmon's limitation
to only occasional handling and fingering.  Tr. 633.

         The Court concludes on this record that the current
ALJ did not err when she discounted Dr. Harmon's opinion that
Plaintiff was limited to occasional handling and fingering
because the ALJ provided legally sufficient reasons supported by
substantial evidence in the record for doing so.

**II.   The ALJ did not err at Step Five.**

Plaintiff contends the current ALJ erred at Step Five when she did not include a limitation for only occasional handling and fingering in her hypothetical to the VE.

As noted, the Court has determined the current ALJ provided legally sufficient reasons for discounting the opinions of Drs. Alley, Berner, and Harmon regarding any limitation of Plaintiff to handling and fingering.  Accordingly, the Court concludes the ALJ did not err when she did not include that limitation in her assessment of Plaintiff's RFC and in her hypothetical posed to the VE.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 4th day of May, 2021.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

23 - OPINION AND ORDER